UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **CHARLES A. TREECE** | **CIVIL ACTION NO. 08-1070** |
| **VERSUS** | **SECTION "P"** |
| **WARDEN,** <br> **ALLEN CORRECTIONAL CENTER** | **JUDGE TRIMBLE** |
| | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a *pro se* Application for Writ of *Habeas Corpus* (28 U.S.C. § 2254) filed by Charles A. Treece on August 17, 2008. Plaintiff, an inmate in the custody of the Louisiana Department of Corrections (LDOC), is confined at the Allen Correctional Center (ACC) in Kinder, Louisiana. Plaintiff names ACC Warden Terry Terrell as the defendant in this matter.

This matter has been referred to the undersigned for review, report and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner was arrested in 1994 in Mississippi for a bank robbery that occurred in New Orleans, Louisiana. The arrest led to his subsequent armed robbery charges in Orleans Parish for which he was convicted in 1995. Through this proceeding plaintiff complains that his due process rights were violated when his money and property were seized without a forfeiture

hearing.[1] He alleges that the deprivation of his money and property without due process constitutes double jeopardy, a second punishment for the same offense.

Based on the above, petitioner seeks an evidentiary hearing and thereafter payment of damages for his time spent in prison at $100.00 per day and vacation of the remainder of his sentence.

## LAW AND ANALYSIS

Petitioner has filed over twenty lawsuits in various Federal Courts during his incarceration.[2] The present suit is not the first in which he has raised the identical issues raised herein.

In *Treece v. Orleans Parish, Et Al.,* 03-cv-2817, our brethren of the Eastern District of Louisiana noted that petitioner's § 1983 complaint was the third in which he sought relief for the seizure of his property and money. 03-cv-2817, Doc. 41, at 4. Citing *United States v. Ursery*, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996), the 03-2817 court stated that a civil forfeiture of property during an arrest does not violate the prohibition against multiple punishments under the Double Jeopardy Clause. *Id.* at 5-7. The court further noted that under due process considerations, petitioner's deprivation of property claims were foreclosed by

---

[1] An allegation such as this would normally cause this court to question whether venue is proper in the Western District of Louisiana since the complaint deals with a taking that occurred elsewhere. However, despite the confusion caused by the alleged nefarious behavior, the relief sought is release from imprisonment and therefore implicates 28 U.S.C. § 2254. A *habeas corpus* petition under § 2254 is the proper vehicle for a challenge to state custody. *See* 28 U.S.C. § 2254. "A prisoner may bring a 28 U.S.C. § 2254 petition in either the district where he is confined or the district where the state court that convicted or sentenced him is located." *Gallagher v. Day*, 107 Fed. Appx. 402 (5th Cir. 2004). As petitioner is incarcerated in a state facility located within the Western District of Louisiana (Allen Correctional Center), venue is proper.

[2] It should be noted that, on October 26, 2006, the Fifth Circuit barred petitioner from proceeding IFP in any civil action or appeal filed while he is incarcerated unless he is under imminent danger or serious physical injury. *Treece v. Otis Kent Andrews, Warden Allen Correctional Center,* 2:05-cv-80.

2

*Parratt v. Taylor*, 451 U.S. 527 (1981), 101 S. Ct. 1908, 68 L. Ed. 2d 420.[3] *Id*. The court also stated that under the circumstances alleged by petitioner, it was not required that the State provide him with a pre-deprivation hearing before the forfeiture or release of his seized property, and that state civil and criminal law provided him with adequate post-deprivation remedies. *Id.* at 7.

In this proceeding, petitioner asserts identical claims to those in the Eastern District case but seeks relief under 28 U.S.C. § 2254. In this complaint for relief, petitioner claims he is not challenging the judgment of conviction but is rather challenging the "second punishment," namely the seizure without a hearing of currency and property, the recompense for which "second punishment" should be his release from prison and monetary relief. Doc. 1.

Petitioner's claims concerning the seizure of his money and property are not cognizable under 28 U.S.C. § 2254. That section directs the courts to "entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The seizure of property has no bearing on the legality of a custodial situation.

Even in the event, however, it were determined that such relief was available under § 2254, this court is without jurisdiction to consider the claim as to do so would to allow a second and successive § 2254 *habeas corpus* petition without proper authority.

As previously stated, petitioner has filed over twenty lawsuits in various Federal Courts during his incarceration. Several of those matters have been filed pursuant to § 2254.[4] The

---

[3] The court noted that *Parratt* was overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 677, 88 L.Ed.2d 662 (1986). 2:03-cv-2817, Doc. 41, at 5 n.3.

[4] These are *Charles A. Treece v. James Leblanc, Warden*, 2:97-cv-3307 (Eastern District of Louisiana,

3

screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), provide that a second or successive § 2254 *habeas* petition must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. *In re Epps*, 127 F.3d 364 (5th Cir.1997). In *Felker v. Turpin*, 518 U.S. 651, 663-64, 116 S. Ct. 2333, 2339-40, 135 L. Ed. 2d 827 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer[] from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b)."

"[A] later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). To the extent this claim could be one under § 2254 petition, petitioner's extensive filing history leads to no conclusion other than the fact that he has sought *habeas* relief previously, that the specifics of this complaint could have been brought previously, and therefore plaintiff must comply with prerequisites to filing successive claims.

Unless and until the Fifth Circuit Court of Appeals first grants petitioner leave to file the present petition, this court lacks jurisdiction to consider it. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000). In *Epps*, the Fifth Circuit adopted a specific procedure to be employed when a successive petition is filed in the district court. *Epps* implies that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under §2244 is proper. Thus, this petition should be transferred to the Fifth

---

dismissed on the merits, petitioner's request for a certificate of appealability denied); *Charles A. Treece v. James Leblanc, Et Al.*, 2:00-cv-1254 (Eastern District of Louisiana, transferred to the Fifth Circuit as second or successive 2254 petition); *Charles A. Treece v. O. Kent Andrews, Et Al.*, 2:05-cv-248 (Eastern District of Louisiana, transferred

Circuit.

Accordingly, for the above reasons,

**IT IS RECOMMENDED** that plaintiff's second and successive Application for Writ of *Habeas Corpus* be transferred to the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. §2244(b)(3) for further proceedings by that Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Servs. Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 5th day of December, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

to the Fifth Circuit as second or successive 2254 petition).